# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES ENGLE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-4614** |
| **J&S CONTRACTING, LLC, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Defendant J&S Contractors, Inc.'s ("J&S") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Alternative Motion for Transfer of Venue (Doc. 9) and Defendant Kirby Inland Marine, L.P.'s ("Kirby") Motion to Dismiss for Improper Venue and Alternative Motion for Transfer of Venue (Doc. 10). For the following reasons, Defendants' Alternative Motion to Transfer Venue is **GRANTED**, and Defendants' other Motions are **DENIED** as moot.

## BACKGROUND

This personal injury suit arises out of Plaintiff Charles Engle's fall on Defendant Kirby's tug, the M/V OLD PUSH ("Old Push"). On May 4, 2015, Plaintiff was working for Defendant J&S in Freeport, Texas and moving from a barge operated by J&S to the Old Push when he lost his balance atop the

1

tug's bulwarks and fell about three feet onto a "steel bit."[1] The fall caused rib fractures, spleen injuries, internal bleeding, a collapsed lung, "and injuries to other parts of [Plaintiff's] body."[2] On May 3, 2018, Plaintiff filed this maritime suit against J&S and Kirby as a Jones Act seaman seeking general and special damages, maintenance and cure, and punitive damages.

On June 19, 2018, Defendant J&S filed its instant Motion to Dismiss or Alternative Motion to Transfer Venue to the Southern District of Texas.[3] Defendant Kirby followed a day later by adopting J&S's Motion and seeking to dismiss or transfer this suit on improper venue grounds.[4] Plaintiff opposes the Motions.[5]

Because this Court finds that the interests of justice warrant transfer of this suit to the Southern District of Texas, it need not specifically address Defendants' requests for dismissal of this case on personal jurisdiction and improper venue grounds.[6] Instead, the Court will simply analyze why transfer is warranted.

## **LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all

---

[1] Doc. 12 at 2.
[2] *Id.*
[3] Doc. 9.
[4] *See* Doc. 10.
[5] *See* Doc. 12.
[6] *See* Tappe v. DIT, LLC, No. 17-1384, 2018 WL 4402005, at *2 (W.D. La. Aug. 30, 2018) (finding "no need to make a definitive decision as to whether this court could exercise personal jurisdiction" over a defendant because transfer of venue was warranted), *report and recommendation adopted*, No. 17-CV-1384, 2018 WL 4390748 (W.D. La. Sept. 14, 2018).

parties have consented."[7] District courts possess broad discretion when deciding whether to order a transfer of venue.[8] The Fifth Circuit has held that in the interest of respecting forum choices by plaintiffs, a party moving for transfer must show "good cause."[9] "When the movant demonstrates that the transferee venue is clearly more convenient . . . it has shown good cause and the district court should therefore grant the transfer."[10]

## LAW AND ANALYSIS

Courts in the Fifth Circuit must consider eight factors—four public factors and four private factors—when deciding whether good cause exists to transfer a case to a different venue on convenience grounds.[11]

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.[12]

### I. Private Factors

The application of the private factors weighs heavily in favor of transferring this case to the Southern District of Texas.

---

[7] 28 U.S.C. § 1404(a).
[8] *In re* Volkswagen of Am., Inc., 545 F.3d 304, 311 (5th Cir. 2008) ("There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'") (quoting Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998)).
[9] *Id.* at 315.
[10] *Id.*
[11] *See id.*
[12] *Id.* (internal citations and quotations omitted).

### a. Relative Ease of Access to Sources of Proof

Defendant contends that "[a]ll potential witnesses are believed to reside in the Southern District of Texas."[13] This makes sense. Defendant J&S is "a small, family-owned corporation located in Sweeny, Texas, between Galveston and Corpus Christi," which is in the Southern District of Texas.[14] Its yard and dock—where Plaintiff's fall allegedly occurred—are in the Southern District of Texas.[15] Kirby's principal place of business is Houston, Texas, which also is in the Southern District of Texas.[16] Further, the hailing port of the Old Push is in the Southern District of Texas. Finally, Plaintiff lives in the Southern District of Texas.

Because virtually all known sources of proof are in the Southern District of Texas and there is no reason to believe any significant portion of these sources are in the Eastern District of Louisiana, the relative ease of access factor weighs heavily in favor of transferring this suit.[17]

### b. Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(c) provides:

(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

---

[13] Doc. 9-1 at 10.
[14] *Id.* at 8.
[15] *Id.* at 10.
[16] *Id.*
[17] Plaintiff spends much of his brief speculating about potential evidence that may be in the Eastern District of Louisiana because Defendant Kirby has offices in Louisiana. *See* Doc. 12. Such speculation is insufficient to overcome the weighty showing by Defendants that all key sources of proof in this case likely are in the Southern District of Texas.

4

> (i) is a party or a party's officer; or
>
> (ii) is commanded to attend a trial and would not incur substantial expense.
>
> (2) For Other Discovery. A subpoena may command:
>
> (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
>
> (B) inspection of premises at the premises to be inspected.[18]

Because most—if not all—of the key people in this suit reside more than 100 miles from New Orleans, they likely would fall outside this Court's subpoena power. On the contrary, the Southern District of Texas likely would possess subpoena power over all key people in this suit. Thus, this factor weighs in favor of transfer to the Southern District of Texas.

### c. Cost of Attendance for Willing Witnesses

For the same reasons as explained above, the cost of attendance for willing witnesses likely would be significantly higher if this suit proceeded in the Eastern District of Louisiana instead of being transferred to the Southern District of Texas.[19]

### d. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

Nothing about trying this case would be easy for the parties if this suit proceeded in the Eastern District of Louisiana. All material evidence and people are in the Southern District of Texas. It would be more cost efficient, more expeditious, and easier to try this case there. "When 'the action is still in

---

[18] FED. R. CIV. P. 45(c).
[19] *See* In re *Volkswagen*, 545 F.3d at 204–05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").

the early stages of litigation, any delay resulting in the transfer to the proper forum should not prejudice either party.'"[20] This action is in the early stages of litigation. No trial date has been set, and discovery has not begun. Neither party is likely to suffer prejudice if the Court transfers this case. This factor weighs in favor of transfer.

Thus, consideration of the private factors as a whole strongly suggests transfer of venue is warranted in this case.[21]

## II. Public Factors

The public factors also support transfer.

### a. Administrative Difficulties Flowing from Court Congestion

In analyzing this factor, courts typically focus on the median disposition time of civil suits in the relative districts.[22] Here, Defendants have not provided evidence of the relative median disposition times of civil suits in the two districts. Nevertheless, Defendant has shown that the Eastern District of Louisiana has significantly more pending civil cases and significantly fewer district judges than the Southern District of Texas.[23] As such, this favor weighs in favor of transfer.

### b. The Local Interest in Having Localized Interests Decided at Home

"One consideration under this factor is a preference for 'the venue in which the events giving rise to the litigation occurred.'"[24] "A second

---

[20] Norred v. Radiator Specialty Co., No. 14-936, 2015 WL 13529958, at *5 (E.D. La. Feb. 24, 2015) (Brown, J.) (quoting Roulston v. Yazoo River Towing, Inc., 2004 WL 1687232 (E.D. La. 2004) (Vance, J.)).
[21] *See, e.g.*, Watson v. Fieldwood Energy Offshore, LLC, 181 F. Supp. 3d 402, 411–12 (S.D. Tex. 2016) (finding that "on balance the private interest factors strongly favor transfer to the Western District of Louisiana" in a case that involved facts analogous to this one).
[22] *See, e.g.*, *Norred*, 2015 WL 13529958, at *5; *Watson*, 181 F. Supp. 3d 402 at 412.
[23] *See* Doc. 9-1 at 11.
[24] *Watson*, 181 F. Supp. 3d 402 at 412 (quoting Molina v. Vilsack, 2009 WL 5214098, at *10 (S.D. Tex. Dec. 23, 2009)).

6

consideration is resolving disputes involving local citizens in their own locality."[25] Here, Plaintiff and Defendants are Texas residents. Plaintiff's injury occurred in Texas. As such, a jury sitting in Texas would have a stronger interest in hearing this suit than would a jury in Louisiana. This factor, therefore, weighs in favor of transfer.

### c. The Familiarity of the Forum with the Law That Will Govern the Case

Because Plaintiff's suit involves federal Jones Act and other maritime claims, neither this Court nor the Southern District of Texas is more or less familiar with the law that will govern the case. Nevertheless, Defendants argue that Plaintiff lacks a valid Jones Act claim on the ground that he is not a seaman and that his remaining claims may be subject to Texas law.[26] To the extent Texas law may govern this case, this factor weighs slightly in favor of transfer.

### d. The Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

There are no conflict of law issues in this case. As such, this factor is neutral.

On balance, because there appears to be less court congestion in the Southern District of Texas than in the Eastern District of Louisiana, a Texas jury would have a stronger local interest in this case, and Texas law may govern issues in this suit, the public factors weigh in favor of transfer.

Taken together, then, the private and public factors both weigh in favor of transfer, rendering the Southern District of Texas the "clearly more

---

[25] *Id.*
[26] Doc. 9-1 at 12.

convenient" venue for this suit.[27] There is no dispute about whether this case could have been brought in the Southern District of Texas. It could have. Accordingly, this Court finds that it is in the interests of justice to transfer this case to the Southern District of Texas.

## **CONCLUSION**

For the foregoing reasons, Defendants' Alternative Motion for Transfer of Venue is **GRANTED**. Because this Court is transferring this case, Defendants' Motions to Dismiss on improper venue and personal jurisdiction grounds are **DENIED** as moot. Accordingly, it is ordered that this action be transferred to the Southern District of Texas.

New Orleans, Louisiana this 11th day of January, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[27] In re *Volkswagen*, 545 F.3d at 315 ("When the movant demonstrates that the transferee venue is *clearly more convenient* . . . it has shown good cause and the district court should therefore grant the transfer.") (emphasis added). See *Norred*, 2015 WL 13529958, at *6 (ordering transfer under similar facts); *Watson*, 181 F. Supp. 3d 402 at 413 (ordering transfer under similar facts).